**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NORTH CAROLINA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary | ) | |
| of Labor, United States | ) | |
| Department of Labor, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff | ) | FILE NO. |
| | ) | |
| v. | ) | |
| | ) | |
| AIMET TECHNOLOGIES, LLC. | ) | |
| | ) | (Injunction Requested) |
| | ) | |
| Defendant. | ) | |

<u>COMPLAINT</u>

Plaintiff brings this action pursuant to § 17 of the Fair Labor Standards Act of

1938, as amended, 29 U.S.C. 217, to enjoin defendants from violating the provisions of Sections

6, 7, 11, 15(a)(1), and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 52 Stat.

1060, 29 U.S.C. 201, (hereinafter the "Act"); and, pursuant to §§ 15(a)(2) and 16(c) of the Act,

29 U.S.C. §§ 215(a)(2) and 216(c), to recover unpaid wages and liquidated damages.,

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act

and by 28 U.S.C. §§ 1331 and 1345.

I.

Defendant Aimet Technologies, Inc. is, and at all times hereinafter mentioned was, a

corporation having an office and place of business at 115 Legacy Crest Court, Zebulon, North

Carolina 27597, within the jurisdiction of this Court, and is now, and at all times hereinafter

mentioned was engaged at that place of business, and elsewhere, in the operation of a business that produces plastic components to be installed in appliances.

II.

Defendant is, and at all times hereinafter mentioned was, engaged in related activities performed through unified operation or common control for a common business purpose, and it is, and at all times hereinafter mentioned was, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

III.

At all times hereinafter mentioned, Defendant employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.  Said enterprise, at all relevant times, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).  Accordingly, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV.

Defendant has willfully violated and is violating the provisions of Sections 6 and 15(a)(2) of the Act by paying employees wages at rates less than the applicable minimum wage.  During the period on or after June 19, 2017, salaried employees received no wages at all for work performed for at least one pay period.  During the period on or after June 19, 2017, hourly employees were compensated at a rate less than 30 percent of their usual rate for at least one pay period, resulting in wages less than $7.25 per hour.

V.

Defendant has willfully violated and is violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing at least one employee during the period on or after June 19, 2017for more than forty (40) hours without compensating the employee for hours in excess of forty (40) in said workweek at rates not less than one and one-half times the regular rate.  During the period on or after June 19, 2017, salaried employees received no wages at all for work performed for at least one pay period.  During the period on or after June 19, 2017, hourly employees were compensated at a rate less than 30 percent of their usual rate for at least one pay period.   As a result, employees received compensation for employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

VI.

Defendant has willfully and repeatedly violated the provisions of Section 15(a)(1) of the Act, 29 U.S.C. § 215(a)(1), in that it shipped, delivered, transported, offered for transportation, and sold in commerce, and shipped, delivered or sold with knowledge that shipment, delivery, or sale thereof in interstate commerce was intended, goods in the production of which many of Defendant's employees were employed in violation of Sections 6, 7 and 15(a)(2) of the Act, as alleged.   Defendant did not pay the applicable minimum wage and overtime compensation to employees, who produced, packaged and handled plastic components that Defendant sold, shipped and offered for transportation to customers outside the state of North Carolina.

VIII.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A.	Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining

Defendant, its agents, servants, employees and all persons in active concert or participation with

them from violating the provisions of §§ 6,  7, 15(a)(1), and 15(a)(2) of the Act, 29 U.S.C. §§ 206,

207, 215(a)(1) and (2);

B.	Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages

and an additional equal amount as liquidated damages to employees (as named in Appendix "A"

attached hereto and made a part hereof, and such other employees as may be later identified up to

or during trial);

C.	And for such other and further relief as may be necessary and appropriate

including costs of this action, interest on such back wages at the underpayment rate established by

the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until

paid, and costs of this action.

<div style="margin-left:50%">

NICHOLAS C. GEALE
Acting Solicitor of Labor

</div>

Office of the Solicitor
U. S. Department of Labor		STANLEY E. KEEN
61 Forsyth Street, S.W.		Regional Solicitor
Room 7T10
Atlanta, GA  30303		ROBERT L. WALTER
		Counsel


Telephone:
 (678) 237-0613		By: */s/Kristin R. Murphy*
 (404) 302-5438 (FAX)		KRISTIN R. MURPHY
		Attorney



		Office of the Solicitor
		U. S. Department of Labor
		Attorneys for Plaintiff.


SOL No. 17-00736