# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NORTH CAROLINA

# WESTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | ) ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) | FILE NO. 5:17-CV-442 |
| v. | ) ) | |
| AIMET TECHNOLOGIES, LLC, | ) ) | |
| Defendant. | ) | |

## **DEFAULT JUDGMENT**

Upon Plaintiff's motion for judgment by default and considering the Clerk's entry of default herein on March 2, 2018, Defendant's failure and refusal to plead or otherwise defend, the affidavit filed by Plaintiff in support of said motion, and the Court being otherwise fully advised, Plaintiff's motion for judgment by default is GRANTED. The Court enters its findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

1. Defendant Aimet Technologies, Inc. ("Defendant") was, at all times hereinafter mentioned, a corporation having place of business and doing business in Wake County, North Carolina.[1]

2. Defendant, was, at all times hereinafter mentioned, engaged in related activities performed either through unified operation or common control for a common

---

[1] On February 28, 2018, the North Carolina Secretary of State revoked Defendant's Certificate of Authority due to its failure to submit its required annual report.

business purpose, constitutes an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and such enterprise, employed employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sale made or business done of not less than $500,000, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B).

3. Between June 19, 2017 and July 2, 2017, Defendant willfully failed to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

4. Between June 19, 2017 and July 2, 2017, Defendant willfully employed employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

5. As a result of the conduct described above, Defendant is wrongfully withholding back wages in the amount $43,554.84 due and owed to employees of Defendant. The back wages due to each employee for this time period are set forth in the attached Appendix A.

6. Defendant did not pay the applicable minimum wage and overtime compensation to employees, who produced, packaged and handled plastic components that Defendant sold, shipped and offered for transportation to customers outside the

state of North Carolina. Defendant repeatedly and willfully shipped, delivered, transported, offered for transportation, and sold in commerce; and shipped, delivered or sold with knowledge that shipment, delivery, or sale thereof in interstate commerce was intended, goods in the production of which many of Defendant's employees were employed in violation of Sections 6, 7 and 15(a)(2) of the Act, as alleged.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

2. Defendant willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2) by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

3. Defendant willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed as described above.

4. Defendant repeatedly and willfully violated the provisions of § 15(a)(1), 29 U.S.C. §§ 215(a)(1) by shipping, delivering, transporting, offering for transportation, and selling in commerce, and/or shipping, delivering or selling with knowledge that shipment, delivery, or sale thereof in interstate commerce

was intended, goods in the production of which many of Defendant's employees were employed in violation of Sections 6, 7 and 15(a)(2) of the Act.

5. Defendant has neither pleaded nor proven that: (1) the act or omission giving rise to the violations of the Act were in good faith and (2) it had reasonable grounds for believing that their acts or omission were not a violation of the Act. See 29 U.S.C. § 260. Accordingly, under §16(c) of the Act, the Secretary is authorized to recover not only back wages for the wronged employees, but also an equal amount of liquidated damages. 29 U.S.C. § 216(c). The liquidated damages due each employee are set forth in the attached Appendix A.

Upon consideration of Plaintiff's motion for judgment by default, Defendant having failed to answer, plead, or otherwise defend as required by law since the Clerk's entry of default herein on March 2, 2018, and it appearing that Plaintiff is entitled to the relief sought, and this Court having entered its Findings of Fact, Conclusions of Law, and Order granting Plaintiff's motion, now, therefore, in accordance therewith, it is hereby ORDERED, ADJUDGED and DECREED that Defendant, its agents, servants, employees and all persons in active concert or participation with it who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

A. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated

for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

  B. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), fail to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

  C. They shall not, contrary to § 15(a)(1) of the Act, 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce, or ship, deliver or sell with knowledge that shipment or delivery or sale thereof in commerce is intended, any goods in the production of which employees were employed in violation of Section 6 and 7 of the Act.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendant hereby is restrained from withholding payment of back wages in the total amount of $43,554.84 plus liquidated damages in the amount of $43,554.84 due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Appendix A attached hereto. The private rights, under the Act, of any employee of Defendant not named or for periods not stated in said Appendix A shall not be terminated or otherwise adversely affected by this proceeding.

  To comply with this provision of this Order, Defendant shall, within 30 days from entry of this Judgment, deliver to Plaintiff a certified or cashier's check or money order payable to "Wage and Hour Division--Labor" in the total amount of $87,109.68. Payment shall be made to Richard Blaylock, U.S. Department of Labor, Wage and Hour Division, 4407 Bland Road, Suite 260, Raleigh, NC 27609. In the event of default by Defendant in making such payment, post-judgment interest shall be assessed on any unpaid amount at the rate established pursuant to 28 U.S.C. § 1961.

Defendant shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages paid hereunder. Defendant also shall provide Plaintiff with a schedule showing their employer I.D. numbers and a schedule showing the last-known address and Social Security Number as to each employee listed on Schedule "A".

Plaintiff, thereupon, shall distribute the back wages and liquidated damages owed to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

It is FURTHER ORDERED that court costs of this action hereby are taxed to Defendant for which execution may issue.

This 15th day of May, 2018

_____
THE HONORABLE LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE